UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN H. DENNIS,

    Plaintiff,

v.                                                                                                                            Case No. 07-10744
                                                                                                                 Hon. Sean F. Cox

ROCK FINANCIAL, QUICKEN LOANS,
INC., COUNTRYWIDE HOME LOANS,
INC., and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

    Defendants.
_____

## OPINION AND ORDER

This matter is before the Court on Defendants' Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems ("MERS"), Inc.'s Motion to dismiss. Plaintiff did not file a written response to Defendants' Motion. A hearing was held on June 14, 2007, both parties were in attendance. For the following reasons, the Court **GRANTS** Defendants' Motion to dismiss. Plaintiff's Complaint is **DISMISSED** without prejudice.

## I. BACKGROUND

This action arises out of the foreclosure on Plaintiff's property located at 19400 Five Points, Detroit, Michigan ("the property"). According to Defendants' on October 25, 2002, Plaintiff purchased the property. Plaintiff obtained a mortgage with Defendant Quicken Loans. The mortgage loan was serviced by Defendant Countrywide Home Loans.

Plaintiff failed to make payments and entered into a Repayment Plan Agreement ("RPA")

1

with Countrywide in 2004. The RPA contained a release of all claims related to the loan. Plaintiff failed to make payments and Defendant MERS instituted foreclosure proceedings. Countrywide purchased the property at the sheriff's sale in May 2006. Plaintiff claims that throughout this time he did not receive proper notice of the foreclosure proceedings or the opportunity to redeem the property.

On November 27, 2006, Plaintiff filed a 21 count Complaint in Wayne County Circuit Court alleging: (1) unfair trade practices involving non-compliance with the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"); (2) violation of revised article 9 UCC; (3) violation of 15 USC § 1639(a)(1)(A) and (B); (4) violation of 15 USC § 1638(a)(2)(B), (a)(9), (a)(11), and (a)(12); (5) violation of 12 CFR § 226.17(a)(1); (6) violation of 12 CFR § 226.23(b)(1)(i), (iv), and (v); (7) violation of 12 CFR 226.23(b)(1)(iii); (8) violation of 12 CFR § 226.17(a) and (b); (9) violation of 12 CFR § 226.18(c) and 12 USC § 2601 *et seq*.; (10) violation of 12 CFR § 226.18(p); (11) violation of the Consumer Credit Protection Act ("CCPA") 15 USC § 1601, *et seq*., and Regulation Z 226.4 and 5; (12) violation of 12 CFR § 226.4 and 226.21; (13) violation of 12 CFR 226.18(p); (14) violation of 15 USC § 1601, *et seq*.; (15) violation of 15 USC § 1601, *et seq*., and Regulation Z 226 *et seq*.; (16) violation of 15 USC § 1601, *et seq*., and Regulation Z; (17) violation of 12 USC § 2610; (18) violation of 15 USC § 1601, *et seq*., and Regulation Z 226; (19) violation of 15 USC § 1601, *et seq*., and 12 CFR § 226.18; (20) violation of 12 USC § 2601, *et seq*., 15 USC § 1601, *et seq*., and 12 CFR § 226.18; and (21) injunctive relief to prevent a foreclosure sale. Defendants Countrywide and MERS removed the action to this Court on February 20, 2007. On February 26, 2007, Defendants filed a Motion to dismiss.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).

## III. ANALYSIS

The Court recognizes that *pro se* complaints, such as Plaintiff's, are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(citation omitted). However, even with this in mind, Plaintiff's Complaint is deficient. Plaintiff names four Defendants in his Complaint. Plaintiff alleges 21 counts. But, Plaintiff does not identify who the counts are allegedly against. All of Plaintiff's counts are asserted against "Defendant" in the singular. This cannot fairly be said to give notice to Defendants of the claims against them. The Plaintiff's Complaint does not allow Defendants to formulate an Answer. Plaintiff's Complaint is required to "give defendants fair notice of the claim or claims against them, and the court is not required to create a claim for the plaintiff[]." *Nafziger v. McDermott International, Inc.*, 467 F.3d 514, 520 (6th Cir. 2006)(citation omitted). Because Plaintiff's Complaint does not meet this minimal requirement, Plaintiff's Complaint is dismissed, without prejudice.

In addition, Defendants contend that Plaintiff's claims are barred by the release provision

3

in the RPA:

> In consideration for Countrywide entering into this Agreement, you agree to release and discharge Countrywide, and all of its investors, employees and related companies, from any and all claims you have or may have against them concerning the Loan. Although California law ... provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," you agree to waive that provision, or any similar provision under other state or federal laws, so that this release shall include all and any claim whatsoever of every nature concerning the Loan, regardless of whether you know about or suspect such claims including, but not limited to, claims arising under the following federal acts, and their rules and implementing regulations: *Equal Credit Opportunity Act, Home Mortgage Disclosure Act, Electronic Fund Transfer Act, Truth in Lending Act, Real Estate Settlement Procedures Act, Fair Credit Reporting Act, Fair Housing Act, and Fair Debt collection Practices Act*. This release shall remain effective even if this Agreement terminates for any reason.

[Motion, Exhibit D, p.2]. Plaintiff's claims arising from his loan for 19400 Five Points, against Defendant Countrywide, are also dismissed pursuant to the release provision.

Additionally, Defendants argue that any claims brought pursuant to the Truth in Lending Act ("TILA") are time barred, 15 USC § 1631, *et seq*. TILA actions must be brought within one year from the date of the occurrence of the violation. 15 USC § 1640(e). Plaintiff obtained the mortgage in October 2002 and signed the RPA in May 2004, he did not file his Complaint until November 2006. Plaintiff's claims arising under TILA are also dismissed as time-barred.

Further, Plaintiff alleges a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 USC § 2601, *et seq*., and corresponding regulations. Defendants allege that these claims are also time barred:

> Any action pursuant to the provisions of section 6, 8, or 9 [12 USC §§ 2605, 2607, or 2608] may be brought in the United States district court of in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 6 [12 USC § 2605] and 1 year in the case of a

4

violation of section 8 or 9 [12 USC §§ 2607 or 2608] * * *

12 USC § 2614. The RPA agreement was entered in May 2004 and Plaintiff filed his Complaint in November 2006. Thus, to the extent Plaintiff alleges a claim under 12 USC § 2605, it is not time barred. Any claims arising under 12 USC §§ 2607 and 2608 are time barred.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to dismiss. Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

                         s/Sean F. Cox
                         **Sean F. Cox**
                         **United States District Judge**

**Dated: June 19, 2007**

**I hereby certify that on June 19, 2007, a copy of the foregoing document was served upon counsel of record by electronic means and upon Benjamin Dennis by First Class Mail at the address below:**

**Benjamin H. Dennis**
**19400 Five Points**
**Detroit, Mi 48240**

                         s/Jennifer Hernandez
                         **Case Manager**